IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAWN HERNDON<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 4:19-CV-00148-A |

## DEFENDANT'S MOTION TO DISMISS, AND BRIEF IN SUPPORT THEREOF

Defendant, the United States, moves to dismiss Plaintiff Dawn Herndon's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Herndon failed to timely file suit. Alternatively, the United States seeks dismissal pursuant to Rule 41(b) for failure to prosecute. In support of the above, the United States would show the Court as follows:

### BACKGROUND

Herndon was formerly incarcerated at FMC Carswell, a federal prison operated by the Federal Bureau of Prisons (BOP). (*See* Dkt. No. 3 at PageID 9.) Herndon filed the instant complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2761, *et seq.*, on January 10, 2019. (Dkt. No. 3). Therein, Herndon complains that she was denied adequate treatment and medical supplies for a colostomy, and complains generally of inadequate facilities at FMC Carswell. (*Id.*). Herndon seeks $1.5 million in damages. (*Id.*).

## STANDARD OF REVIEW

A motion filed pursuant to Rule 12(b)(6) assesses the sufficiency of a complaint, testing whether the plaintiff has pled sufficient facts to state a claim that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While courts accept as true all "well-pleaded facts," *id.*, they do not accept threadbare recitals of the elements of a cause of action, supported by conclusory allegations. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (conclusory allegations, unwarranted factual inferences or legal conclusions are not accepted as true).

In evaluating the sufficiency of a complaint, courts consider the complaint in its entirety, as well as documents incorporated by reference and matters of which a court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). The Court may also take into account "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint, and are central to the plaintiff's claim." *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013), *vacated on other grounds*, 134 S. Ct. 2900 (2014); *see also In re Katrina*, 495 F.3d at 205 (in evaluating Rule 12(b)(6) motion, court properly considered terms of insurance contracts that, while not attached to complaint, were 1) attached to defendants' motion, 2) referenced in plaintiffs' complaint and 3) central to plaintiffs' claims). Providing such documents "merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary

determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## ARGUMENT

### A. Herndon's complaint is subject to dismissal under Rule 12(b)(6) because she failed to timely file her federal lawsuit.

As a prerequisite to filing an FTCA action, a claimant must present an administrative claim to the appropriate federal agency within two years of when the alleged claim accrued. 28 U.S.C. §§ 2401(b), 2675(a). A federal lawsuit can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a). Once an agency has issued a denial of an administrative claim, the claimant must file an action in federal district court within six months after the agency mails its final denial of the claim to satisfy the FTCA's statute of limitation requirement. 28 U.S.C. § 2401(b); *see also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015). "To state a plausible claim for relief under the FTCA, a plaintiff must allege that his action began 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'" *Johnson v. United States*, No. 4:18-CV-614-A, 2019 WL 339242, at *2 (citing 28 U.S.C. § 2401(b); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)). "The six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later." *Id.* (quoting *Scott v. U.S. Veterans' Admin.*, 929 F.2d 146, 146-47 (5th Cir. 1991)).

Here, the United States will not dispute that Herndon filed a timely administrative claim covering at least some of the matters she seeks to litigate in this action, but she failed to commence this litigation within six months of the BOP's denial of that administrative claim. The BOP's denial of Herndon's administrative claim was dated and mailed on July 3, 2018. (*See* App'x A at 001).[1] Herndon was therefore required to file her federal complaint within six months of that date, i.e., on or before January 3, 2019. *See Johnson*, 2019 WL 339242, at *2 (citing *Scott*, 929 F.2d at 146-47). Herndon did not sign the complaint until January 6, 2019, and it was not filed until January 10, 2019.[2] (*See* Dkt. 3.) Thus, Herndon failed to timely file suit and this action should be dismissed at time-barred under Rule 12(b)(6). *See also Johnson*, 2019 WL 339242, at *2 (dismissing an FTCA suit as untimely, where the plaintiff "failed to allege facts from which the court can infer that this action began within the applicable limitations period").

## B. Herndon's complaint should be dismissed for failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or [ ] comply with these rules or a court order." The Court's authority to dismiss cases where a plaintiff has not prosecuted the

---

[1] A true and correct copy of the agency's denial of Herndon's administrative claim is attached as Appendix A, which is filed contemporaneously. (*See* App'x A at 1-2, 8-11). As discussed above, this Court may consider this document without converting the United States' motion to dismiss into a motion for summary judgment because the denial of her administrative claim is specifically referenced in Herndon's pleadings and the contents thereof are central to her claim of relief. (*See* Dkt. No. 3 at 1; *see also* App'x A at 001-004). The administrative claim reflects that it was mailed on July 3, 2018, and it also specifically informed Herndon of the necessity of filing suit in federal court within six months from that date if she was dissatisfied with the BOP's decision. (*Id.* at 004).

[2] The Fifth Circuit has stated that the common-law "mailbox" rule does not apply to claims under the Federal Tort Claims Act. *See Flores v. United States*, 719 F. App'x 312, 317 n.1 (5th Cir. 2018). However, even if Herndon's complaint were treated as if it were filed on January 6, 2019, which is the date that is given next to her signature in the document, the complaint would still have been untimely.

case or complied with rules or a court order is derived from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Here, in the Court's "Instructions to a Prisoner *Pro Se* Plaintiff," dated January 10, 2019, Herndon was informed that she "must notify the Court if [her] address changes, or [her] case may be dismissed." (Dkt. No. 2). The Instructions directed Herndon to "[p]romptly file a written change of address notice in your case." (*Id.*). The Instructions are presumed to have been received by Herndon, but according to the docket, all documents and orders since the Court's February 15, 2019 Order granting Herndon the right to proceed *in forma pauperis* have been returned as undeliverable. According to the BOP's online Inmate Locator, Herndon is currently in a residential rehabilitation center in Miami, Florida.[3]

Herndon was also required to pay a filing fee. (Dkt. No. 6). Although the Court's order directed the BOP to deduct periodic payments toward that fee, the BOP cannot deduct those payments because Herndon is no longer incarcerated. The burden thus fell to Herndon to pay the filling fee. As of the date of the instant motion, Herndon has not made any payment toward the fee.

---

[3] The Court may take judicial notice of information available on the BOP website's, www.BOP.gov, as it is a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant has also submitted information from the Bureau of Prison's computer system providing additional information related to Plaintiff's release from prison. (App'x A at 4-5). This information is not central to the resolution of this matter, and is provided solely as an alternative source of the information available on the public website noting Plaintiff's release from BOP custody.

paid no money toward the filing fee in this action. For these reasons, the United States seeks dismissal of Herndon's complaint in its entirety under Rule 12(b)(6) or Rule 41(b).

> Respectfully Submitted,
>
> ERIN NEALY COX
> UNITED STATES ATTORNEY
>
> /s/ Tami C. Parker
>
> Tami C. Parker
> Assistant United States Attorney
> 801 Cherry Street, Suite 1700
> Fort Worth, Texas 76102
> Texas Bar No. 24003946
> Telephone: 817-252-5200
> Facsimile: 817-252-5458
> Email: tami.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2019, a true and correct copy of the foregoing was served upon the Plaintiff, pro se, via first class mail at the following address, which is the address of record in this matter:

Dawn Herndon (pro se)
P.O. Box 27137
Fort Worth, TX 76127.

/s/ Tami C. Parker

Tami C. Parker
Assistant United States Attorney