```
                                              U.S. DISTRICT COURT
                                              NORTHERN DISTRICT OF TEXAS
                                                    FILED
   IN THE UNITED STATES DISTRICT COURT
       NORTHERN DISTRICT OF TEXAS               JUN - 1 2020
          FORT WORTH DIVISION                 CLERK, U.S. DISTRICT COURT
                                                 By
                                                      Deputy
```

DAWN HERNDON,                       §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §    NO.  4:19-CV-148-A
                                    §
UNITED STATES OF AMERICA,           §
                                    §
            Defendant.              §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States of America for summary judgment. Instead of responding to the motion, plaintiff, Dawn Herndon, filed yet another motion for extension of time to respond. For the reasons that follow, the court finds that plaintiff's motion should be denied and that the motion for summary judgment should be granted.

I.

## Background

On January 10, 2019, plaintiff filed her complaint in this case. Doc.[1] 3. On September 10, 2019, the court issued its order setting schedule and providing special pretrial instructions. Doc. 34. The order set a deadline of March 27, 2020, for completion of discovery. Id. at 2, ¶ 4. The case was set for nonjury trial the week of April 27, 2020. Id. ¶ 6.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

On December 30, 2019, United States filed her motion for summary judgment, brief, and appendix in support. Docs. 35, 36, 37, 38. On January 21, 2020, plaintiff filed a motion for stay or, in the alternative, motion for extension of time to respond, stating that she was "in the process of obtaining discovery, including medical records, inmate transfer records, witness affidavits, expert witness [sic] and depositions." Doc. 40 at 1. The court granted the alternative motion, giving plaintiff until March 25, 2020, in which to file her summary judgment response. Doc. 41. On March 25, 2020, plaintiff filed a second motion for extension of time to respond to the summary judgment motion. Doc. 45. In it, plaintiff explained among other things her need for medical records that she had not been able to obtain. By order signed March 27, 2020, the court granted the motion, giving plaintiff an extension of time until May 29, 2020, in which to file her response. Doc. 46. The court also ordered United States to provide to plaintiff by April 3, 2020, copies of all documents responsive to the requests reflected in the attachments to plaintiff's motion and to file a document reflecting that the documents had been delivered to plaintiff and giving a description of each document or group of documents.[2] Id. On April 3, 2020, the United States filed her response to

---

[2] As United States has subsequently noted, plaintiff never served proper discovery requests. United States has attempted on numerous occasions to work with plaintiff to provide materials she says she needs. See Docs. 43, 47, 51.

the March 27 order, giving a description of all of the documents provided to plaintiff. Doc. 47. Plaintiff did not file any response to that document or otherwise complain that she had not been provided all her medical records as requested until the day her summary judgment response was due, May 29, 2020, when she filed a third motion for extension of time to respond to the motion for summary judgment. Doc. 50.

As United States notes in her response to the third motion for extension of time, plaintiff has had ample time in which to prepare her summary judgment response. Doc. 51. The record does not reflect that plaintiff has exercised diligence in seeking allegedly missing documents. Rather, she waits until a deadline before seeking any relief. She admits that she received the disk containing documents provided by United States on April 3, 2020. Doc. 50 at 1. She believed she had not been provided a complete copy of her medical records, yet she did not seek any relief from the court until May 29, 2020. Doc. 50 at 2. The court has no reason to believe that a further extension of time would accomplish anything except delay.

II.

Ground of the Summary Judgment Motion

United States contends that plaintiff must provide expert testimony to establish her claim. She has not come forward with any evidence to establish a genuine issue of material fact.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving

4

party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[3] <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

Analysis

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, ("FTCA") gives federal courts jurisdiction over claims against

---

[3]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Sheridan v. United States, 487 U.S. 392, 398 (1988)(quoting 28 U.S.C. §1346(b)). Because plaintiff's alleged injuries occurred at FMC Carswell, Texas law applies. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

Texas law imposes on treating physicians a duty to exercise that degree of care which a general practitioner of ordinary prudence and skill, practicing in the community or similar community, would have exercised in the same or similar circumstances. Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of treatment is a matter of common knowledge or is within the experience of a lay person. Id., 523 F.3d at 601-02; Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is also required to establish that the breach

proximately caused the harm suffered by the plaintiff. Guile v. United States, 422 F.3d 221, 225 (5th Cir. 2005); Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.--Corpus Christi 1989, writ denied).

This is not the type of case where breach and causation can be determined without expert testimony. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990)(giving as examples operating on the wrong part of the body or leaving sponges within a body). Plaintiff had a pre-incarceration history of colon cancer and a colostomy. Her claims arise out of medical care for her colostomy. She first alleges that she was denied medical supplies when she was transported to FMC Carswell, but the record belies that contention. Doc. 37 at 159, 160. The medical records reflect that she was seen and treated on numerous occasions. These visits are summarized at pages 3-9 of United States' brief and will not be repeated here. Doc. 36. Whether a particular treatment or lack thereof caused her to suffer is not a matter of common knowledge of laymen.[4]

Where, as here, expert testimony is required and no expert has been designated, summary judgment is appropriate. Bradfield

---

[4] Even though the court is not persuaded that such is the case, to the extent that any of plaintiff's claims could have been established without expert testimony, plaintiff has not come forward with any summary judgment evidence to raise a genuine fact issue although she has had ample time in which to do so.

v. United States ex rel. Dep't of Veteran's Affairs, 471 F. App'x
364, 365-66 (5th Civ. 2012); Prindle v. United States, No. 4:10-
CV-54-A, 2011 WL 1869795, at *1-2 (N.D. Tex. May 13, 2011);
Woods v. United States, No. 3:08-CV-1670-D, 2010 WL 809601 (N.D.
Tex. Mar. 8, 2010). Plaintiff cannot establish the standard of
care or that United States breached that standard of care.

V.

Order

The court ORDERS that plaintiff's motion for extension of
time be, and is hereby, denied.

The court further ORDERS that United States' motion for
summary judgment be, and is hereby, granted; that plaintiff take
nothing on her claims against United States; and that such
claims be, and are hereby, dismissed with prejudice.

SIGNED June 1, 2020.

_____
JOHN McBRYDE
United States District Judge

8